IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
*In re* : Chapter 11
:
INTERNATIONAL ALUMINUM : Case No. 10-10003 (MFW)
CORPORATION, *et al.*,[1] :
: (Jointly Administered)
Debtors. :
: Objection Deadline: November 24, 2010 at 4:00 p.m.
: Hearing Date: December 1, 2010 at 10:00 a.m.
------------------------------------------------------------x

## MOTION FOR ENTRY OF FINAL DECREE
## CLOSING THE DEBTORS' CHAPTER 11 CASES

International Aluminum Corporation and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), hereby move for entry of a final decree closing the Debtors' chapter 11 cases pursuant to section 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5009-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and respectfully request as follows:

### Relevant Background

1. On April 30, 2010 this Court entered an order [Docket No. 462] (the "Confirmation Order") confirming the Debtors' *Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated January 4, 2010* (the "Plan"). The Plan became effective on May 21, 2010 (the "Effective Date").

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: International Aluminum Corporation (3332), IAC Holding Co. (3119), United States Aluminum Corporation (8449), United States Aluminum Corporation – Carolina (3238),United States Aluminum Corporation – Illinois (2481), United States Aluminum Corporation – Texas (6269), RACO Interior Products, Inc. (0437), General Window Corporation (7764), International Extrusion Corporation – Texas (9058), International Extrusion Corporation (5103), International Window – Arizona, Inc. (2781), and International Window Corporation (5989) The Debtors may be served at: International Aluminum Corporation, 767 Monterey Pass Road, Monterey Park, California 91754.

2. The Debtors have substantially consummated the Plan. All documents and agreements necessary to implement the Plan were executed in accordance with the terms of the Plan and the Confirmation Order. Furthermore, all expenses arising from the administration of the Debtors' estates, including court fees, section 1930(a)(6) fees, professional fees, and expenses, either have or will be paid prior to the hearing date set for this Motion.

## Jurisdiction

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Section 11 of the Plan. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

4. Pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 5009-1, the Debtors request entry of a final decree, substantially in the form attached hereto as Exhibit A, closing the following cases (collectively, the "Chapter 11 Cases"):

- International Aluminum Corporation, Case No. 10-10003 (MFW);
- IAC Holding Co., Case No. 10-10004 (MFW);
- United States Aluminum Corporation, Case No. 10-10005 (MFW);
- United States Aluminum Corporation – Carolina, Case No. 10-10006 (MFW);
- United States Aluminum Corporation – Illinois, Case No. 10-10007 (MFW);
- United States Aluminum Corporation – Texas, Case No. 10-10008 (MFW);
- RACO Interior Products, Inc., Case No. 10-10009 (MFW);
- General Window Corporation, Case No. 10- 10010 (MFW);
- International Extrusion Corporation – Texas, Case No. 10-10011 (MFW);
- International Extrusion Corporation, Case No. 10-10012 (MFW);
- International Window – Arizona, Inc., Case No. 10-10013 (MFW); and
- International Window Corporation, Case No. 10-10014 (MFW).

## Basis for Relief

5. Local Rule 5009-1(b) provides that, "upon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been substantially consummated provided that all required fees due under 28 U.S.C. § 1930 have been paid." Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

6. The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been "fully administered:"

- whether the order confirming the plan has become final;
- whether deposits required by the plan have been distributed;
- whether the property proposed by the plan to be transferred has been transferred;
- whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;
- whether payments under the plan have commenced; and
- whether all motions, contested matters, and adversary proceedings have been finally resolved.

This Court has held that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." In re SLI, Inc., No. 02-12608, 2005 WL 1668396, *2 (Bankr. D. Del. June 24, 2005) (citing Mold Makers, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)). See also Walnut Assocs. v. Saidel, 164 B.R 487,

493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

7. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. See, e.g., Walnut Assocs. v. Saidel, 164 B.R. at 493 (considering substantial consummation as a factor); Gates Cmty. Chapel of Rochester, Inc., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (same); In re Ball, 2008 WL 2223865, *2 (Bankr. N.D. W.Va. May 23, 2008) ("... in a non-individual case, substantial consummation generally means the case is fully administered and can be closed.").

### The Debtors' Chapter 11 Cases Have Been Fully Administered And The Plan Has Been Substantially Consummated

8. As of the Effective Date, the Chapter 11 Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing these cases. Specifically:

- the Confirmation Order is final and non-appealable;
- as of the Effective Date, the Debtors have emerged from chapter 11 as reorganized entities;
- upon information and belief, all Plan payments required to date and distributions thereunder have been made;
- the Debtors assumed the business and management of the property dealt with by the Plan;
- all anticipated motions and contested matters have been resolved;
- all transactions contemplated by the Plan have closed; and
- the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

9. In addition, pursuant to Section 7.1 of the Plan, all proofs of claim filed against the Debtors were deemed withdrawn on the Effective Date and claimants have the right to assert claims against the Debtors, if any, in any forum as though the Debtors' cases had not

been commenced. Finally, closing the Chapter 11 Cases will save the Debtors the expense of ongoing quarterly fees payable to the United States Trustee for the District of Delaware (the "U.S. Trustee") pursuant to 28 U.S.C. § 1930(a)(6), which is an unnecessary expense given the status of the Chapter 11 Cases. Accordingly, there is ample justification for entry of a final decree closing the Chapter 11 Cases.

### Final Report

10. The Debtors shall file a final report in the Chapter 11 Cases, pursuant to Local Rule 5009-1(c), substantially contemporaneously with this Motion.

### Notice

11. The Debtors shall serve notice of this Motion on: (a) the U.S. Trustee and (b) all parties entitled to receive notice pursuant to Bankruptcy Rule 2002. The Debtors submit that such notice is adequate and no other notice need be given.

12. No prior motion for the relief requested herein has been made to this or any other court.

## Conclusion

WHEREFORE, the Debtors respectfully request that this Court (a) enter a final decree, substantially in the form attached hereto as <u>Exhibit A</u>, closing the Chapter 11 Cases and (b) grant such other and further relief as is necessary and proper.

Dated: November 12, 2010
       Wilmington, Delaware

Respectfully submitted,

*/s/ Katherine Good/*

Mark D. Collins (No. 2931)
John H. Knight (No. 3848)
L. Katherine Good (No. 5101)
Tyler D. Semmelman (No. 5386)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: collins@rlf.com
       knight@rlf.com
       good@rlf.com
       semmelman@rlf.com

-and-

Gary T. Holtzer
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION