IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

-------------------------------------------------------------x
*In re*                                        :        **Chapter 11**
                                               :
**INTERNATIONAL ALUMINUM**                     :        **Case No. 10-10003 (MFW)**
**CORPORATION, *et al.*,**[1]                   :
                                               :        **(Jointly Administered)**
                     **Debtors.**               :
-------------------------------------------------------------x

## FINAL REPORT IN CHAPTER 11 CASES

In accordance with Rule 5009-1(c) of the Local Rules of Bankruptcy Practice and

Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), International Aluminum Corporation and its affiliated reorganized debtors (collectively,

the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submit

this final report on their jointly administered chapter 11 cases in support of the *Motion for Entry*

*of Final Decree Closing the Debtors' Chapter 11 Cases* (the "Motion"). The following

information is true and correct, to the best of the Debtors' knowledge, information and belief:

### Preliminary Statement

1.     No trustee or examiner was appointed in the Chapter 11 Cases.

Accordingly, no fees were incurred in respect of a trustee or trustee's counsel.

2.     The fees and expenses awarded to the Debtors' attorneys from the

inception of the Chapter 11 Cases aggregated $4,372,943.54.

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: International Aluminum Corporation (3332), IAC Holding Co. (3119), United States Aluminum Corporation (8449), United States Aluminum Corporation – Carolina (3238),United States Aluminum Corporation – Illinois (2481), United States Aluminum Corporation – Texas (6269), RACO Interior Products, Inc. (0437), General Window Corporation (7764), International Extrusion Corporation – Texas (9058), International Extrusion Corporation (5103), International Window – Arizona, Inc. (2781), and International Window Corporation (5989)  The Debtors may be served at: International Aluminum Corporation, 767 Monterey Pass Road, Monterey Park, California 91754.

3.     The fees and expenses awarded to all other professionals and members of the Official Committee of Unsecured Creditors in the Chapter 11 Cases aggregated $5,180,303.02.

4.     All required fees due under 28 U.S.C. § 1930(a)(6) have been paid or will be paid prior to the hearing date set for the Motion.

## Distributions

5.     On April 30, 2010, the Court confirmed the Debtors' *Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated January 4, 2010* (the "Plan").[2] The Plan took effect on May 21, 2010 (the "Effective Date"). The following distributions have been made under the Plan:

| CLASS | TYPE OF INTEREST IN CLAIM | DISTRIBUTION[3] |
|---|---|---|
| -- | Administrative Expense Claims | Payment in full. |
| -- | Professional Compensation and Reimbursement Claims | Payment in full. |
| -- | Priority Tax Claims | Payment in full. |
| 1 | Priority Non-Tax Claims | Except to the extent that a holder of an Allowed Priority Non-Tax Claim against any of the Debtors agreed to a different treatment, each such holder received, in full satisfaction of such Claim, Cash in an amount equal to such Claim, on or as soon as was reasonably practicable after the latest of (i) the |

---

[2] Each capitalized term used, but not defined, in this Final Report has the meaning ascribed to such term in the Plan.

[3] The information in this table is intended only as a summary description of the distributions required by the Plan. Any unintended conflict between this summary and the Plan itself should not be construed in any way to modify the terms of the Plan. Parties are referred to the Plan for detailed descriptions of the distributions thereunder.

RLF1 3627503v. 1

| CLASS | TYPE OF INTEREST IN CLAIM | DISTRIBUTION[3] |
|---|---|---|
|  |  | Effective Date, (ii) the date such Claim became Allowed, and (iii) the date for payment provided by any agreement or understanding between the applicable Debtor and the holder of such Claim. |
| 2 | Credit Agreement Claims | On the Effective Date or as soon thereafter as was reasonably practicable, each holder of an Allowed Credit Agreement Claim received (i) its pro rata share of the Excess Cash, (ii) its pro rata share of the New Term Notes, and (iii) its pro rata share of 100% of the New Equity outstanding on the Effective Date, less any of the New Equity distributed on the Effective Date pursuant to the Management Incentive Plan. |
| 3 | Other Secured Claims | On the Effective Date, or as soon thereafter as was reasonably practicable, except to the extent that a holder of an Allowed Other Secured Claim agreed to a different treatment, each Allowed Other Secured Claim was reinstated or rendered unimpaired in accordance with section 1124 of the Bankruptcy Code, notwithstanding any contractual provision or applicable non-bankruptcy law that entitled the holder of an Allowed Other Secured Claim to demand or receive payment of such Claim prior to its stated maturity from and after the occurrence of default. All Allowed Other Secured |

| CLASS | TYPE OF INTEREST IN CLAIM | DISTRIBUTION[3] |
|---|---|---|
| | | Claims that were not due and payable on or before the Effective Date were, at the Debtors' option, paid (i) in the ordinary course of business in accordance with the course of practice between the Debtors and such holder with respect to such Claim, or (ii) by transfer of the Collateral to the holder of such Claim. |
| 4 | Notes Claims | The Senior Subordinated Loan Agreement and each of the Senior Subordinated Notes were cancelled and terminated and the Notes Claims were extinguished with no distribution. |
| 5 | General Unsecured Claims | Each holder of an Allowed General Unsecured Claim received payment in full in Cash of the unpaid portion of such Allowed General Unsecured Claim on the latest of (i) the Effective Date (or as soon thereafter as was reasonably practicable), (ii) the date on which such Claim would have been paid in the ordinary course of the Debtors' business, (iii) as otherwise agreed by the Debtors and the holder of such Claim, and (iv) the date on which such General Unsecured Claim became Allowed. |
| 6 | Intercompany Claims | On or as soon as was practicable after the Effective Date, all Intercompany Claims were either reinstated to the extent determined to be |

RLF1 3627503v. 1

| CLASS | TYPE OF INTEREST IN CLAIM | DISTRIBUTION[3] |
|---|---|---|
| | | appropriate by the Debtors or adjusted, waived, continued or capitalized, either directly or indirectly, in whole or in part. |
| 7 | Equity Interests in IAC and IAC Subsidiary Debtors | On the Effective Date and subject to Sections 5.2 and 5.5 of the Plan, all of the Equity Interests of the IAC Subsidiary Debtors were owned by Newco and all existing Equity Interests of IAC were cancelled. |
| 8 | Equity Interests in Holdings | On the Effective Date, or as soon thereafter as was reasonably practicable, all existing Equity Interests in Holdings were cancelled, and the Equity Interests of each holder of an Allowed Equity Interest in Holdings was extinguished with no distributions. |

RLF1 3627503v. 1

Dated: November 12, 2010
Monterey Park, CA

International Aluminum Corporation, IAC Holding
Co., United States Aluminum Corporation, United
States Aluminum Corporation – Carolina, United
States Aluminum Corporation – Illinois, United
States Aluminum Corporation – Texas, RACO
Interior Products, Inc., General Window
Corporation, International Extrusion Corporation –
Texas, International Extrusion Corporation,
International Window – Arizona, Inc., and
International Window Corporation

Name: Jeffrey B. Park
Title: EVP Finance CFO

STATE OF CALIFORNIA        )
                           ) SS:
COUNTY OF LOS ANGELES      )

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and
County aforesaid, on this __12__ day of November 2010.

_____
Notary Public
My Commission Expires: August 7, 2013



ANN FRANCES PEREZ
Commission # 1860412
Notary Public - California
Los Angeles County
My Comm. Expires Aug 7, 2013